**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Francesca I. Montanez, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 12 C 50309 |
| | ) | |
| Cass Wolfenberger, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

**ORDER**

Plaintiff's motion for reconsideration [82] is denied.

**STATEMENT**

On August 5, 2013, this court dismissed the instant suit, which set out claims based on the Racketeering Influenced Corrupt Organizations Act ("RICO"), the Equal Credit Opportunity Act, the Fair Housing Act, and Illinois state law. The court included a thorough recitation of the complaint's allegations in its previous order, and so will not set them out at length again, but notes that, very generally, the complaint alleged that defendants worked together as a RICO enterprise to provide plaintiff, because she is a female minority, with a loan on her home at a higher rate than for which she was ultimately qualified. See Montanez v. Wolfenberger, No. 12 C 50309, slip op. at 2 (N.D. Ill. Aug. 5, 2013). The court dismissed her claims based on a number of grounds. See id. at 3-7. Specifically, the court held that (1) the claims against defendants Tim Hill, Cass Wolfenberger, Vision Mortgage, and Northwest Bank had to be dismissed because plaintiff failed to respond to most of the arguments raised by those defendants which, when combined, would mandate dismissal of all claims against those defendants; (2) in the alternative, the federal claims, including RICO, were time barred (which was one of the only arguments plaintiff responded to) even accounting for the discovery rule and assorted tolling doctrines; (3) the claims against the remaining nine defendants should be dismissed for failure to serve those defendants; and (4) the federal claims should also be dismissed against the remaining nine defendants based on the same timeliness concerns. Id.

Plaintiff has now filed a motion to reconsider that order. In it, plaintiff accuses the court of engaging in "nonsense" coupled with impermissible judicial fact finding and suggests that "[i]t might help if this court would read Plaintiff's complaint . . . ." She also argues, at some length, that the court misapplied the discovery rule and found that her cause of action for RICO accrued earlier than she believes is correct.

"It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented

to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011) overruled on other grounds by Hill v. Tangherlini, ___ F.3d ___, No. 12-3447, 2013 WL 3942935 (7th Cir. Aug. 1, 2013). "Such problems rarely arise and the motion to reconsider should be equally rare." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). Nevertheless, the court is encouraged to exercise its discretion to reconsider an order where the movant "clearly establishes a manifest error of law or fact" so as to "avoid unnecessary appellate procedures." Miller v. Safeco Ins. Co. of Am., 683 F.3d 805, 813 (7th Cir. 2012) (quotation marks omitted).

Plaintiff's motion does not establish the necessary grounds to reconsider this court's previous order. Specifically, plaintiff has not argued that the finding of waiver was inappropriate, except to state that "[p]laintiff strongly disagrees with this court that she didn't respond to any of the defendants' arguments raised in the motions except for the statute of limitations defense." That conclusory statement, unsupported by any citation to the record or law, is insufficient for this court to reconsider its previous holding concerning waiver. Having reviewed the initial filings again, the court once again comes to the conclusion that plaintiff failed to address the majority of defendants' arguments and that doing so resulted in waiver. See Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." (citations omitted)). Aggregating those waived arguments, plaintiff conceded all of her claims against Hill, Wolfenberger, Vision, and Northwest Bank. Similarly, plaintiff fails to challenge this court's dismissal of her complaint based on her failure to serve the other nine defendants.

The court, therefore, need go no further to deny the motion to reconsider. To accommodate plaintiff as much as possible, however, the court will briefly address her main contentions.

Plaintiff's primary contention, that this court engaged in impermissible judicial fact finding in its determination of the applicability of the discovery rule, is inaccurate. "Under the discovery rule, a claim accrues—and the statute of limitations begins to run—when a plaintiff discovers that he has been injured, and by whom." Jamison v. Urban, 411 F. App'x 919, 920 (7th Cir. 2011). However, actual discovery is not necessary, rather the limitations period "begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have discovered the facts constituting the violation—whichever comes first." Merck & Co. v. Reynolds, 559 U.S. 633, 653 (2010) (alteration and quotation marks omitted). The court accepted all of the facts in plaintiff's complaint as true but determined that a reasonably prudent person would have discovered that defendants had provided her with the allegedly fraudulent loan terms on her original mortgage when she refinanced and suddenly qualified, according to her complaint, for a lower rate despite no change in her condition in the intervening time. See Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 712 (2d Cir 2002) ("Where it is evident from the face of the complaint . . . a court can decide as a matter of law whether plaintiff discovered or should have discovered the cause of action outside the limitations period."). The fact that plaintiff did not subjectively make this realization until years later is irrelevant to the accrual of her claim. Accordingly, plaintiff has not demonstrated that the court

made a manifest error of law, or that the court made any impermissible factual findings (indeed, it accepted only the facts in the complaint as true), which would require reconsideration.

Plaintiff makes two additional arguments. First, she argues that this court engaged in impermissible judicial fact finding where it determined that equitable tolling was not available because plaintiff alleged in her complaint that she became fully aware of defendants' conduct at least eight months before she filed her suit. Plaintiff does not, however, contest the other two reasons the court gave for why equitable tolling was not available, therefore the court has no ground to reconsider its ruling that the tolling doctrine is unavailable to plaintiff. Additionally, the court engaged in no judicial fact finding. The complaint says "[i]n fact, Plaintiff didn't become fully aware of the discriminatory conduct against African-Americans and Hispanic customers until she ran across a Complaint against Countrywide Bank et al that was filed by the United States government in 2011." (Compl. at 14. (emphasis added).) Reliance on the plain language of the complaint is not impermissible judicial fact finding.

Second, plaintiff complains that this court treated her differently, and unfairly, in comparison to the way it treated defendant Hill. Specifically, the court originally entered default against Hill, although that default was not reduced to a judgment when Hill responded and set out the defenses he would bring to plaintiff's suit. Based on Hill's motion and the liberal treatment afforded pro se litigants for procedural errors,[1] the court relieved him of the default with an admonishment that no further dilatory behavior would be tolerated. See Montanez v. Wolfenberger, No. 12 C 50309, slip op. at 2 (N.D. Ill. July 19, 2013). The court understands plaintiff's frustration, from her perspective it appears the court forgave the dilatory behavior of a defendant while punishing her dilatory behavior (which she claims, notwithstanding the allegations in her complaint, was not dilatory). However, default judgment and statutes of repose/limitations serve different purposes, have different theoretical underpinnings, and are subject to different legal tests. To put it simply, and somewhat bluntly, plaintiff's frustration is not a reason to reconsider the legal analysis of either the July 19,

---

[1]The court notes that it has consistently throughout this litigation provided plaintiff with the same leniency in procedural matters. See, e.g., Montanez v. Wolfenberger, No. 12 C 50309, slip op. at 1 (N.D. Ill. Aug. 14, 2013) (taking motion to reconsider under advisement notwithstanding failure to follow procedural rules); Montanez v. Wolfenberger, No. 12 C 50309, slip op. at 1 n.1 (N.D. Ill. Aug. 5, 2013) (gathering up various filings by plaintiff, many of which were procedurally defective, and treating them as a single responsive document to defendants' motions to dismiss).

2013 order relieving Hill of the entry of default or the August 5, 2013 order dismissing plaintiff's complaint.

For the foregoing reasons, plaintiff's motion is denied.

Date: 10/1/2013

ENTER:

FREDERICK J. KAPALA
District Judge